# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DERRICK L. SMITH,**

      **Plaintiff,**

 v.                                                                          **Case No. 21-CV-1313**

**WARDEN FUCHS,** *et al.***,**

      **Defendants.**

---

## ORDER

---

      Plaintiff Derrick L. Smith, who is representing himself, filed a complaint under 42 U.S.C. § 1983 on November 11, 2021. (ECF No. 1). He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 5.) Smith has three strikes under the Prisoner Litigation Reform Act, which means he cannot proceed without prepaying the filing fee unless he shows he is in imminent danger of physical harm. 28 U.S.C. § 1915(g). The court has jurisdiction to resolve Smith's motion to proceed without prepaying the filing fee and to screen his complaint in light of Smith's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

Having reviewed Smith's complaint, it appears that, if he were in imminent danger at the time he filed his complaint, he no longer is. Smith alleges that the guards at Columbia Correctional Institution were raping him. The only relief he seeks is a transfer to another institution. On January 6, 2022, Smith filed a motion to amend the complaint and a notice of change of address. (ECF No. 11.) According to the motion, Smith transferred to the Wisconsin Resource Center on December 22, 2021. (*Id.*, ¶ 3.) Additionally, he wants to amend his complaint to clarify the names of the other defendants at Columbia. (*Id.*, ¶ 2.)

Because Smith transferred out of Columbia, he no longer can claim that he is in imminent danger of being raped by the guards at Columbia. Smith's proposed amendments to his complaint do not impact this analysis because Smith seeks only to clarify the names of the Columbia staff members. Typically, where a prisoner cannot establish imminent danger, the court would give him time to pay the full filing fee in order to proceed with the case. However, having obtained the relief he was seeking—transfer out of Columbia--Smith's case is now moot. Thus, the court will dismiss the case.

**THEREFORE, IT IS ORDERED** that Smith's motion for leave to proceed without prepaying the filing fee (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice** because the complaint is moot.

**IT IS FURTHER ORDERED** that the agency having custody of Smith shall collect from his institution trust account the $350.00 balance of the filing fee by

collecting monthly payments from Smith's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Smith is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Smith is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any

motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 12th day of January, 2022.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge

4

Case 2:21-cv-01313-WED   Filed 01/12/22   Page 4 of 4   Document 12